EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U.S. Attorney

OMER G. POIRIER
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 23 2002

at ___ o'clock and __30__ m __P__ M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. _____ CR 02-00030 SOM |
| ) | |
| Plaintiff, ) | INDICTMENT |
| ) | |
| vs. ) | [18 U.S.C. §§ 371, 1952, |
| ) | 1956(a)(1)(A); 1956(h); |
| SEON HWA KIM,       (01) ) | 8 U.S.C. § 1324(a)(1)(A)(iii)] |
| KYONG CHA JOHNSON,  (02) ) | |
| YONG SUK LONGAZEL,  (03) ) | |
| JOHN PAWN           (04) ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

INDICTMENT

COUNT 1

The Grand Jury charges:

1.  From at least as early as January 1997 to June

1999, in the District of Hawaii and elsewhere, the Defendants,

SEON HWA KIM, KYONG CHA JOHNSON, YONG SUK LONGAZEL, and JOHN

PAWN, knowingly and unlawfully conspired, combined, confederated,

and agreed with others both known and unknown to the Grand Jury

to commit an offense against the United States:  that is using a facility in interstate commerce, with the intent to promote, manage, establish, carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving prostitution offenses in violation of Title 37, Hawaii Revised Statutes Annotated, Sections 712-1200, 712-1201, 712-1203, and 712-1204, and thereafter promoting, managing, establishing, carrying out, and facilitating that unlawful activity in violation of Title 18, United States Code, Section 1952.

Overt Acts

2.    In furtherance of the conspiracy and in order to effect the objectives thereof, the conspirators performed the following overt acts, among others, in the District of Hawaii and elsewhere:

a.    In or around late 1996, SEON HWA KIM hired unindicted co-conspirator "Blaine M." as a principal massage therapist for R&R Fitness Club, also known as R&R Massage ("R&R").  This was done so R&R could appear to be a legitimate massage therapy establishment.

b.    On or about January 24, 1997, SEON HWA KIM agreed to lease a point of sale terminal (credit card swipe machine) for use at R&R.

2

c.    In or around April 1997, SEON HWA KIM encouraged "JYS" to engage in sexual acts with R&R customers.

d.    On or about April 2, 1997, SEON HWA KIM and unindicted co-conspirator "Stephen O." paid co-conspirator "Blaine M." $500 for allowing his name and license to be used as the licensed massage therapist at R&R.

e.    On or about May 5, 1997, unindicted co-conspirator "Stephen O." advised the Hawaii Department of Commerce and Consumer Affairs that he purchased R&R from SEON HWA KIM on February 25, 1997.  This was done to disguise the true ownership of R&R.

f.    On or about September 10, 1997, unindicted co-conspirators "SJJ" and "IJC" formed SJJ Corporation to disguise the ownership of R&R.

g.    On or about August 21, 1997, YONG SUK LONGAZEL purchased an interest in SJJ Corporation.

h.    On or about July 28, 1998, JOHN PAWN paid Korea Times for an advertisement for R&R with a check from the SJJ Corporation account.

i.    On or about February 24, 1999, KYONG JOHNSON processed a credit card used by an undercover police officer to pay $50 for a "massage" at R&R.  After the undercover officer paid the fee, an employee took him to a room where she offered to engage in sexual activities for money.

j.   On or about February 24, 1999, KYONG JOHNSON accepted $50 from an undercover police officer for a "table shampoo.  After the undercover officer paid the fee, an employee took him to a room where she agreed to engage in sexual activities for money.

k.   On or about December 1998, YONG SUK LONGAZEL wrote a check to pay for the rental of the premises used by SJJ Corporation.

All in violation of Title 18, United States Code, Section 371.

### COUNT 2

The Grand Jury further charges:

From at least as early as January 1997 to June 1999, in the District of Hawaii and elsewhere, Defendants SEON HWA KIM, KYONG CHA JOHNSON, YONG SUK LONGAZEL, and JOHN PAWN did knowingly and intentionally combine, confederate, and agree together and with various other persons known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions with property that was the proceeds of a violation of Title 18 United States Code, Section 1952 knowing that the property represented the proceeds of some form of unlawful activity while acting with the intent to promote a violation of Title 18, Section 1952, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).  Specifically the defendants violated Section

4

1952 by using a facility in interstate commerce, with the intent

to promote, manage, establish, and carry on, and to facilitate

the promotion, management, establishment and carrying on of an

unlawful activity, said unlawful activity being a business

enterprise involving prostitution offenses in violation of Title

37, Hawaii Revised Statutes Annotated, Sections 712-1200,

712-1201, 712-1203, and 712-1204, and thereafter promoting,

managing, establishing, carrying out, and facilitating that

unlawful activity.

<u>Manner and Means</u>

It was part of the manner and means of the conspiracy

that customers at R&R used credit cards for services at R&R.

These payments were accepted through use of a point of sale

terminal (commonly known as a credit card swipe machine).  The

amounts were deposited into various bank accounts and funds from

these accounts were then used to pay various expenses associated

with R&R.

<u>Overt Acts</u>

In furtherance of the conspiracy, the Defendants

committed the following overt acts in the District of Hawaii and

elsewhere:

a.    On or about April 2, 1997, Defendants SEON

HWA KIM and unindicted co-conspirator "Stephen O." paid

unindicted co-conspirator "Blaine M." $500 with a check from the

R&R account.  This payment was made for "Blaine M." agreeing to be identified as the licensed massage therapist at R&R.

        b.    On or about July 28, 1998, Defendants KYONG CHA JOHNSON and JOHN PAWN paid $300 to the Korea Times for an advertisement for R&R with a check from the SJJ Corporation account.

        c.    On or about January 6, 1999, YONG SUK LONGAZEL paid $3,737.13 to Sofos Realty for rent for the R&R premises with a check from the SJJ Corporation account.

        All in violation of Title 18, United States Code, Section 1956(h).

COUNTS 3-6

        The Grand Jury further charges:

        On or about the dates set forth below, in the District of Hawaii, the Defendants, as named below, did knowingly and willfully use a facility in interstate commerce, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving prostitution offenses in violation of Title 37, Hawaii Revised Statutes Annotated, Sections 712-1200, 712-1201, 712-1203, and 712-1204, and thereafter promoted, managed, established, carried out, and facilitated that unlawful

activity in violation of Title 18, United States Code, Section 1952.

| Count | Date | Defendant | Amount |
|---|---|---|---|
| 3 | December 12, 1998 | KYONG CHA JOHNSON<br>YONG SUK LONGAZEL | $135 |
| 4 | January 4, 1999 | KYONG CHA JOHNSON<br>YONG SUK LONGAZEL | $180 |
| 5 | January 9, 1999 | KYONG CHA JOHNSON<br>YONG SUK LONGAZEL | $195 |
| 6 | February 24, 1999 | KYONG CHA JOHNSON<br>YONG SUK LONGAZEL | $180 |

<u>COUNTS 7-11</u>

The Grand Jury further charges:

On or about the dates set forth below, in the District of Hawaii, the Defendants, as named below, did knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit, payments by check of R&R expenses from accounts containing the proceeds of a specified unlawful activity, that is, use of an interstate facility to promote prostitution offenses, in violation of Hawaii law in violation of Title 18, United States Code, Section 1952, with the intent to promote the carrying on of that specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction in the amounts set forth below represented the proceeds of some form of unlawful activity

7

in violation of Title 18, United States Code, Section

1956(a)(1)(A)(i):

| Count | Date | Defendant | Amount | Payee |
|-------|------|-----------|--------|-------|
| 7 | April 2, 1997 | SEON HWA KIM | $500 | Blaine M. |
| 8 | July 26, 1998 | KYONG CHA JOHNSON JOHN PAWN | $300 | Korea Times |
| 9 | December 1, 1998 | YONG SUK LONGAZEL | $3737.13 | Sofos Realty |
| 10 | January 12, 1999 | YONG SUK LONGAZEL | $107.28 | Hawaii Newspaper Agency |
| 11 | February 1, 1999 | YONG SUK LONGAZEL | $3737.13 | Sofos Realty |

## COUNT 12

The Grand Jury further charges:

From in or around April 1997, to in or around June

1997, in the District of Hawaii, the Defendant, SEON HWA KIM,

knowing and in reckless disregard of the fact that an alien,

namely "JYS," had come to, entered, and remained in the United

States in violation of law, did harbor such alien in a building

located at 1347 Kapiolani Boulevard, Honolulu, Hawaii, in

//

//

//

//

//

//

8

violation of Title 8, United States Code, Section

1324(a)(1)(A)(iii).

DATED: _____1/23/02_____, 2002, at Honolulu, Hawaii.

A TRUE BILL

/s/

_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
ELLIOT ENOKI
First Assistant U.S. Attorney

_____
OMER G. POIRIER
Assistant U.S. Attorney

UNITED STATES v. SEON HWA KIM, ET AL.
Cr. No. _____
"Indictment"

9